SCOTT J. SAGARIA (BAR # 217981)
sjsagaria@sagarialaw.com
ELLIOT W. GALE (BAR #263326)
egale@sagarialaw.com
JOE B. ANGELO (BAR #268542)
jangleo@sagarialaw.com
SCOTT M. JOHNSON (BAR #287182)
sjohnson@sagarialaw.com
**SAGARIA LAW, P.C.**
3017 Douglas Blvd., Ste. 100
Roseville, CA 95661
408-279-2288 ph
408-279-2299 fax

Attorneys for Plaintiff
Keomanee Sisounthone

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| Keomanee Sisounthone, <br><br> Plaintiff, <br><br> v. <br><br> Capital One, National Association, and DOES 1 through 100 inclusive, <br><br> Defendants. | CASE NO. <br><br> PLAINTIFF'S COMPLAINT FOR DAMAGES: <br><br> 1. Violation of the Rosenthal Fair Debt Collection Practices Act <br> 2. Violation of the Telephone Consumer Protection Act |

COMES NOW Plaintiff Keomanee Sisounthone, an individual, based on information and belief, to allege as follows:

### INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788, *et seq.* (hereinafter "Rosenthal Act"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices and violation of the Telephone Consumer Protection Act 47

1  U.S.C. §227, *et seq.* (hereinafter "TCPA"), which prohibits the use of automated dialing

2  equipment when making calls to consumers.

3      2.  Plaintiff brings this action against Defendants Capital One, National Association

4  (hereinafter "Capital One") for its abusive and outrageous conduct in connection with debt

5  collection activity.

6      3.  In Calif. Civil Code § 1788.1(a)-(b), the California Legislature made the following

7  findings and purpose in creating the Rosenthal Act:

8          (a)(1) The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts. Unfair or deceptive collection practices

9          undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.

10

11          (2) There is need to ensure that debt collectors and debtors exercise their responsibilities to another with fairness and honesty and due regard or the rights of the

12          other.

13          (b) It is the purpose of this title to prohibit debt collectors from engaging in unfair or deceptive acts of practices in the collection of consumer debts and to require debtors to

14          act fairly in entering into and honoring such debts, as specified in this title.

15      4.  While may violations are described below with specificity, this Complaint alleges

16  violations of the statutes cited in their entirety.

17      5.  The TCPA was designed to prevent calls like the ones described herein, and to protect

18  the privacy of citizens like Plaintiff, and by enacting the TCPA, Congress intended to give

19  consumers a choice as to how corporate entities may contact them and to prevent the nuisance

20  associated with automated or prerecorded calls.

21  **JURISDICTION & VENUE**

22      6.  This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, and 1367, and 47 U.S.C. §

23  227.

24      7.  This venue is proper pursuant to 28 U.S.C. §1391(b).

25  **GENERAL ALLEGATIONS**

26      8.   Plaintiff Keomanee Sisounthone (hereinafter "Plaintiff") is an individual residing in

27  the state of California, and is a "debtor" as defined by Cal. Civ. Code §1788.2(g).

28

9.    At all relevant times herein, Defendants Capital One was engaged, by the use of mail, email, and telephone, in the business of collecting a debt from Plaintiff, and a "consumer debt," as defined by Cal. Civ. Code §1788.2(f).

10.   At all relevant times, Defendant acted as a "debt collector" within the meaning of Cal. Civ. Code §1788.2(c)

11.   Plaintiff had taken out an unsecured loan with Capital One in January of 2017.

12.    The loan Plaintiff took from Defendant Capital One was extended primarily for personal, family or household purposes and is therefore a "debt" as that terms is defined by the Calif. Civil Code § 1788.2(d) of the Rosenthal Act.

13.   Defendant Capital One has been attempting to collect on a debt that originated from monetary credit that was extended primarily for personal, family, or household purposes, and was therefore a "consumer credit transaction" within the meaning of Calif. Civil Code § 1788.2(3) of the Rosenthal Act.

14.   Because Plaintiff, a natural person allegedly obligated to pay money to Defendant Capital One arising from what Plaintiff is informed and believes was a consumer credit transaction, the money allegedly owed was a "consumer debt" within the meaning of California Civil Code § 1788.2(f) of the Rosenthal Act.

15.   Plaintiff is informed and believes that Defendant is one who regularly collects or attempts to collect debts on behalf of themselves, and is therefore a "debt collector" within the meaning of the Calif. Civil Code § 1788.2(c) of the Rosenthal Act, and thereby engages in "debt collection" within the meaning of the California Civil Code § 1788.2(b) of the Rosenthal Act, and is also therefore a "person" within the meaning of California Civil Code § 1788.2(g) of the Rosenthal Act.

16.   Plaintiff's account was an unsecured loan and Plaintiff began making payments on the accounts.

17.   Plaintiff began making payments on the loan before she became financially unable to keep up with the monthly payments.

18.    Defendant Capital One began contacting Plaintiff in March of 2017 to inquire about the status of the loan and to collect on the payments that were no longer being made.

19.   Plaintiff retained counsel to assist in dealing with Capital One debt and to seek some type of financial relief.

20.   Counsel for Plaintiff sent Defendant Capital One a letter confirming representation of Plaintiff and that Defendant was to no longer contact Plaintiff directly and that all calls/letters/collection efforts were to no longer be directed at Plaintiff.

21.   Counsel for Plaintiff sent the letter of representation to Capital One on or about April 14, 2017

22.   Plaintiff informed Capital One that she was revoking her consent to be called on her telephone in early April of 2017.

23.   Defendant Capital One continued to contact Plaintiff between April 20, 2017 – May 15, 2017; the type of contact was through phone calls to Plaintiff as well as sending collection letters.

24.   Plaintiff was contacted numerous times regarding non-payment of the debt owed to Capital One despite Capital One being notified that Plaintiff had retained counsel to deal specifically with the debt owed to Capital One.

25.   Capital One's calls were frequent in nature and continued despite receiving written confirmation that Plaintiff was represented by an attorney.

### FIRST CAUSE OF ACTION
(Violation of the Rosenthal Act)
(Cal. Civ. Code §§ 1788-1788.32)
(Against Defendants and Does 1-100)

26.   Plaintiff realleges and incorporates herein the allegation in each and every paragraph above as though fully set forth herein.

27.   Plaintiff provided written notice that he was represented by sending Defendant a letter with the name, address, and contact information of her attorney and informed Defendant that she was represented.

28.   Defendant continued to call and attempt to make contact with Plaintiff despite receiving notice of representation and being informed that Plaintiff had retained counsel in an effort to deal with the debt that was owed to Defendant.

29.   The calls and communications made by Defendant to Plaintiff were not related to statements of Plaintiff's account and were attempts to collect a debt.

30.   Plaintiff received numerous calls from Capital One from at least April 20, 2017 – May 15, 2017.

31.  Defendant violated Cal. Civ. Code §1788.14 by contacting Plaintiff after receiving noticed that Plaintiff had retained an attorney.

## SECOND CAUSE OF ACTION
(Violation of the TCPA)
(47 USC § 227)
(Against Defendants and Does 1-100)

32. Plaintiff realleges and incorporates herein the allegation in each and every paragraph above as though fully set forth herein.

33. Since at least about April of 2017 Defendant started calling Plaintiff's cellular telephone requesting that payment be made on the accounts Plaintiff held with Defendant.

34. Plaintiff informed Defendant that she was revoking consent to be contacted by Capital One in early April 2017.

35. Capital One continued to call Plaintiff frequently since Plaintiff withdrew her consent to be contacted by an automatic dialing machine.

36. Defendant would contact Plaintiff several times each day regarding payment on the accounts.

37. Defendant placed the above cited calls using an artificial or prerecorded voice to deliver the collection messages without Plaintiff's prior express consent.

38. Since mid-April 2017 Plaintiff has been contacted at least seventeen (17) times by Defendant.

39. All calls placed by Defendant to Plaintiff utilized an "automatic telephone dialing system" as defined by 47 U.S.C. §227(a)(1).

40. These calls were made to Plaintiff's cellular telephone and were not calls for an emergency purposed as defined by 47 U.S.C. §227(b)(1)(B).

41. These telephone calls by Defendant, or its agent, violated 47 U.S.C. §227(b)(1)(B).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

      **a.** An award of actual damages pursuant to California Civil Code §1788.30(a), as will be proven at trial, which are cumulative and in addition to all other remedies provided for in any other cause of action pursuant to California Civil Code §1788.32.

      **b.** An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code

§1788.30(b), which are cumulative and in addition to all other remedies provided for in California Civil Code §1788.32; and

c.  An award of costs of litigation and reasonable attorney's fees pursuant to Cal. Civ. Code §1788.30(c).

d.  An award of statutory damages of $1,500.00 pursuant to 47 U.S.C. §227(b)(3)(C) for each and every violation.

e.  Pursuant to 47 U.S.C. §227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

Dated: September 15, 2017

**SAGARIA LAW, P.C.**

By:   */s/ Scott Johnson*
Scott Sagaria, Esq.
Scott Johnson, Esq.
Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial of this matter by jury.

**SAGARIA LAW, P.C.**

Dated: September 15, 2017

*/s/ Scott Johnson*
Scott Sagaria, Esq.
Scott Johnson, Esq.
Attorneys for Plaintiff